*JUDGE DANIELS*

UNITED STATES DISTRICT COURT  11 CV 3542
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RUBEN MEDINA, CESAREO AGUILA CERON
AND ANA TORRES,
individually and on behalf of all others similarly situated



Plaintiffs,

- against -

COMPLAINT

EL TEQUILAZO CORP., MAELO CORPORATION, LAZARO
NAVARRO, FERNANDO NAVARRO, JUAN NAVARRO, and
ELENA ZULUAGA a/k/a LUZ ELENA ZULUAGA
d/b/a EL TEQUILAZO

Defendants.
-------------------------------------------------------------x

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, the Law Offices of Jonathan Weinberger, as and for their complaint, upon personal knowledge as to themselves and upon information and belief as to other matters, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This is an action to remedy the failure of defendants to properly pay plaintiffs overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 et seq (the "FLSA") and the New York State Labor Law (the "NYS Labor Law"), , and failure to comply with the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R § 137-1.7 (2005) (the "Spread of Hours Wage Order")

2. Defendants have maintained a policy and practice of requiring plaintiffs and other employees to work in excess of forty hours per week without providing the overtime compensation required by federal and state law and regulations, and of not complying with applicable laws and regulations relating to spread of hours, and improper wage deductions.

3. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

4. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, plaintiffs claim failure of defendants to pay wages due and owing, pursuant to the New York State Labor Law, including but not limited §190 et seq., and §652(1); and for failure to pay plaintiffs overtime at the rate of time-and-a-half

1

as required by 12 NYCRR §142-2.2, and other applicable state regulations.

5. Venue lies within this judicial district, as plaintiffs were employed in the Southern District, and the claim arose in the Southern District.

## PARTIES

6. Plaintiff RUBEN MEDINA ("MEDINA") is a resident of New York County, the State of New York.

7. Plaintiffs CESAREO AGUILA CERON ("CERON") AND ANA TORRES ("TORRES") are residents of Queens County, the State of New York.

8. At all relevant times, defendants in this action have been doing business as "EL TEQUILAZO", a bar and restaurant located at 43 West 46th Street, New York, New York, 10036. Said bar and restaurant are hereinafter referred to as the "Restaurant".

9. Defendant EL TEQUILAZO CORP., on information and belief is a New York corporation, incorporated in the County of New York, which has been located at and has done business at 43 West 46th Street, New York, New York, 10036.

10. Defendant MAELO CORPORATION, on information and belief is a New York corporation, which has been located at and has done business at 43 West 46th Street, New York, New York, 10036.

11. Defendants EL TEQUILAZO CORP. and MAELO CORPORATION are hereinafter referred to collectively as "DEFENDANT CORPORATIONS".

12. Upon information and belief, defendant LAZARO NAVARRO was at all relevant times an officer of MAELO CORPORATION.

13. Upon information and belief, defendant LAZARO NAVARRO was at all relevant times a shareholder of MAELO CORPORATION.

14. Upon information and belief, defendant LAZARO NAVARRO was at all relevant times a manager of MAELO CORPORATION.

15. Upon information and belief, defendant FERNANDO NAVARRO was at all relevant times an officer of MAELO CORPORATION.

16. Upon information and belief, defendant FERNANDO NAVARRO was at all relevant times a shareholder of MAELO CORPORATION.

17. Upon information and belief, defendant FERNANDO NAVARRO was at all relevant times a manager of MAELO CORPORATION.

18. Upon information and belief, defendant JUAN NAVARRO was at all relevant times an officer of MAELO CORPORATION.

19. Upon information and belief, defendant JUAN NAVARRO was at all relevant times a shareholder of MAELO CORPORATION.

20. Upon information and belief, defendant JUAN NAVARRO was at all relevant times a manager of MAELO CORPORATION.

21. Upon information and belief, defendant ELENA ZULUAGA a/k/a LUZ ELENA ZULUAGA (hereinafter "ELENA ZULUAGA") was at all relevant times an officer of EL TEQUILAZO CORP.

22. Upon information and belief, defendant ELENA ZULUAGA was at all relevant times a

shareholder of EL TEQUILAZO CORP.

23. Upon information and belief, defendant ELENA ZULUAGA was at all relevant times a manager of EL TEQUILAZO CORP.

24. Upon information and belief, defendant ELENA ZULUAGA was at all relevant times an officer of MAELO CORPORATION.

25. Upon information and belief, defendant ELENA ZULUAGA was at all relevant times a shareholder of MAELO CORPORATION.

26. Upon information and belief, defendant ELENA ZULUAGA was at all relevant times a manager of MAELO CORPORATION.

27. Defendants LAZARO NAVARRO, FERNANDO NAVARRO, JUAN NAVARRO, ELENA ZULUAGA are hereinafter referred to collectively as the "Individual Defendants"

28. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).

29. At all times relevant and material herein, plaintiffs were employees of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the NYS Labor Law.

30. As restaurant workers, plaintiffs were engaged in commerce or the production of goods for commerce for commerce, as that phrase is defined with the meaning of 29 U.S.C. § 203(e)

31. Defendants are engaged in the business of warehousing of goods traveling across state lines for interstate commerce.

32. The gross annual volume of sales made or business done at the Restaurant for each of the last six years was not less than $500,000.

33. Throughout their employment, plaintiffs were engaged in services and duties essential to the movement of goods in interstate commerce.

34. Upon information and belief, the Individual Defendants own or have owned the Restaurant.

35. Upon information and belief, the Individual Defendants operate or have operated the Restaurant.

36. Upon information and belief, the Individual Defendants have or have had the power over compensation practices at the Restaurant.

37. Upon information and belief, the Individual Defendants have or have had the power to determine employee policies at the Restaurant, including, but not limited to, time-keeping and payroll policies.

38. Defendant LAZARO NAVARRO is an employer and/or individually liable for the remedies sought by plaintiffs in this complaint under the FLSA and the NYS Labor Law.

39. Defendant FERNANDO NAVARRO is an employer and/or individually liable for the remedies sought by plaintiffs in this complaint under the FLSA and the NYS Labor Law.

40. Defendant JUAN NAVARRO, is an employer and/or individually liable for the remedies sought by plaintiffs in this complaint under the FLSA and the NYS Labor Law.

41. Defendant ELENA ZULUAGA, is an employer and/or individually liable for the remedies sought by plaintiffs in this complaint under the FLSA and the NYS Labor Law.

42. The Individual Defendants and the Defendant Corporations are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

43. Defendants EL TEQUILAZO CORP. and MAELO CORPORATION are joint employers of plaintiffs, and are jointly and severally liable to plaintiffs for the claims herein.
44. As a successor to Defendant EL TEQUILAZO CORP, defendant MAELO CORPORATION is liable to plaintiffs for the claims set forth herein.
45. As successor employers, Defendants LAZARO NAVARRO, FERNANDO NAVARRO and JUAN NAVARRO are liable to plaintiffs for the claims set forth herein.
46. The aforementioned successors employers are liable to plaintiffs for the claims set forth herein by reason of the fact that the employees remained substantially the same, because they had notice of the violations of the FLSA and the NYS Labor Law set forth herein, and because of the inability of the predecessor employer to provide full relief.
47. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).
48. At all times relevant and material herein, plaintiffs were employees of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the NYS Labor Law.
49. At all times relevant to the allegations herein, the Defendants qualified as an enterprise within the meaning of the FLSA, 29 U.S.C. § 203.
50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL §§ 190(3), 651(6).
51. At all times hereinafter mentioned, the activities of the defendants were related and performed through unified operations or common control for a common business purpose, and constituted an enterprise within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. §203.
52. At all times relevant to this action, Plaintiffs were employed in Defendants' Businesses.
53. Throughout their employment, plaintiffs were engaged in services and duties essential to the movement of goods in interstate commerce.

## BACKGROUND FACTS

54. At all relevant times, the Defendants have operated the Restaurant.
55. At all relevant times, Defendants have employed more than 40 employees at the Restaurant.
56. These employees include waitpersons, bartenders, kitchen workers, cashiers, porters, and dancers.

### PLAINTIFF RUBEN MEDINA

48. Plaintiff MEDINA began working for defendants at the Restaurant in or about 2002.
57. Plaintiff MEDINA has worked for defendants as a porter.
58. During the time that Plaintiff MEDINA has worked at the Restaurant, he regularly worked more than 40 hours per week.
59. During the time that Plaintiff MEDINA has worked at the Restaurant, he has not been compensated at time-and-one half for overtime hours.
60. At all relevant times, plaintiff MEDINA reported to the Individual Defendants, who controlled plaintiff' terms and conditions of employment, work schedule, rate of pay, and

method of compensation.

## PLAINTIFF CESAREO AGUILA CERON

61. In or about September, 2008, plaintiff CERON began working for defendants at the Restaurant.
62. During the time that Plaintiff CERON has worked at the Restaurant, he regularly worked more than 40 hours per week.
63. During the time that Plaintiff CERON has worked at the Restaurant, he has not been compensated at time-and-one half for overtime hours.
64. During the time that Plaintiff CERION has worked at the Restaurant, he was not paid spread of hours pay for days where he worked more than 10 hours.
65. At all relevant times, plaintiff CERON reported to the Individual Defendants, who controlled plaintiff' terms and conditions of employment, work schedule, rate of pay, and method of compensation.

## PLAINTIFF ANA TORRES

66. In or about January, 2004, plaintiff TORRES began working for defendants at the restaurant.
67. During the time that Plaintiff TORRES has worked at the Restaurant, she regularly worked more than 40 hours per week.
68. During the time that Plaintiff TORRES has worked at the Restaurant, she has not been compensated at time-and-one half for overtime hours.
69. During the time that Plaintiff TORRES has worked at the Restaurant, she was not paid spread of hours pay for days where she worked more than 10 hours.
70. At all relevant times, plaintiff TORRES reported to the Individual Defendants, who controlled plaintiff's terms and conditions of employment, work schedule, rate of pay, and method of compensation.
71. Defendants did not provide statements of plaintiffs' wage, rate of pay, hours worked each day, and the total hours worked each week as required by the FLSA and the NYS Labor Law.
72. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.
73. Defendants have maintained a policy whereby workers were not paid time and a half for the overtime hours worked each week, in violation of the FLSA and the NYS Labor Law, including but not limited to 12 NYCRR §137-1.3.
74. Defendants have maintained a policy whereby employees were not paid Spread of Hours pay, as required by the NYLL, and applicable regulations.
75. Defendants have maintained a policy whereby workers were denied time off for meals and breaks in violation of NYS Labor Law §162.2.
76. Defendants have maintained a policy whereby workers were not paid on a weekly basis, in violation of the FLSA and the NYS Labor Law.

## COLLECTIVE CLAIMS

77. On information and belief, there are at least 15 or more employees currently or formerly

77. [continued] employed by Defendants who are similarly situated to plaintiffs, in that their work schedules, and the method by which and amounts in which they were paid, were similar to plaintiffs, giving rise to similar claims under the overtime laws and regulations. Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own in bringing this action.

78. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to plaintiffs, will be unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FIRST COUNT
### Fair Labor Standards Act - Overtime

79. Plaintiffs repeat and re-allege each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
80. Plaintiffs did not receive overtime payment at the rate of time-and-a-half, in violation of the FLSA for work in excess of forty (40) hours per week.
81. As a result of Defendants' unlawful acts, Plaintiffs and Similarly situated former and current have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.
82. Defendants' failure to pay plaintiffs wages and overtime at the rate of time-and-a-half was willful.
83. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiffs have suffered and continue to suffer damages.

## SECOND COUNT
### New York Labor Law Article 19 - Unpaid Overtime

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.
85. Defendants violated the Overtime Provisions of the New York State Labor Law
86. Defendants willfully failed to pay plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law §§ 190 et seq. and regulations of the New York State Department of Labor.
87. Defendants failed to pay plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.
88. Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.
89. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD COUNT
### New York Labor Law – Spread of Hours

90. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.
91. Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor.
92. Defendants failed to pay plaintiffs one additional hour of pay at the basic minimum wage rate before allowances for each day plaintiffs' spread of hours exceeded ten in violation of N.Y. Lab. Law § 190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regulations. Title. 12, §§ 137-1.7 & 137-3.11.
93. Defendants failed to pay plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.
94. Defendants' failure to pay plaintiffs an additional hour pay for each day Plaintiffs' spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.
95. Plaintiffs have been damaged in an amount to be determined at trial.

WHEREFORE, plaintiffs request that this Court enter a judgement in favor of plaintiffs and against defendants:

On The Fair Labor Standards Act Cause of Action
1. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;
2. Declaring defendants violated the Fair Labor Standards Act (29 Code USC §201 et seq.) during the period of plaintiffs' employment;
3. Declaring defendants' violation of the Fair Labor Standards Act was willful;
4. Awarding plaintiffs actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, improper wage deductions and other wage violations, with interest;
5. Awarding plaintiffs an equal amount in liquidated damages; and
6. Awarding Plaintiffs costs and reasonable attorneys' fees, and interest, together with such other and further relief as to the Court seems just and proper.

On the New York State Labor Law Counts:
1. Restraining defendants from violating the Labor Law;
2. Declaring that defendants' violation of the New York State Labor Law was willful;
3. Awarding plaintiffs actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, improper wage deductions and other wage violations, with interest;
4. Finding that defendants' refusal to pay plaintiffs the required correct wages was willful, and awarding plaintiffs an additional amount as liquidated damages equal to twenty five (25%)

      percent of the total amount of wages found to be due;
5.   Awarding plaintiffs' reasonable attorney's fees, costs and interest, together with such other and further relief as to the Court seems just and proper.

Dated: New York, New York
      May 23, 2011

                                Law Offices of Jonathan Weinberger
                                Attorneys for Plaintiffs

                                BY: _____
                                Jonathan Weinberger (JW-2425)
                                880 Third Avenue, 13th Fl.
                                New York, New York 10022
                                (212) 752-3380